## HENRY WHITE, JR. v. ADAMS TWITCHELL.

*The right of the owner of property, tortiously taken, to retake the same without notice, considered and discussed.*

Where the plaintiff took a bar or pole from the defendant without permission to do so, to use in the erection of a staging, and the defendant re-took the same without notice to the plaintiff, and in consequence of taking the same, the said staging, when the plaintiff went upon the same, fell and injured the plaintiff; in an action to recover damages for the injury thus sustained, *it was held*, that as the plaintiff was a trespasser in taking the bar, and as it did not loose its identity, the defendant was justified in the recaption of it, and was under no obligation to give the plaintiff notice of the recaption.

*It was also held*, that the plaintiff was, all the time, he continued in the use of the bar, as part of his staging, but a *tort-feasor;* and that it was his duty, to see that his staging was safe, before he went upon it, and if he did not, it must be his misfortune, and not that of the defendant.

TRESPASS ON THE CASE, to recover damages, which the plaintiff sustained, by the falling of a staging erected for his own use, in consequence of the defendant having removed one of the staging poles.

Plea, the general issue, and trial by jury.

On the trial, the plaintiff offered evidence, tending to prove, that the staging named in the declaration, and which was affixed to the barn of a Mr. Wilder, was weakened and rendered insecure, by reason of the defendant removing, in the plaintiff's absence, and without his knowledge, therefrom a wooden bar, which formed one of the supports of said staging.

That the plaintiff had erected said staging for the temporary purpose of shingling said barn, or one side thereof, intending to remove said erection, when said temporary purpose was effected; and that in putting up said staging, had supported the same by upright staging-poles, having horizontal thwarts or sleepers running from the poles to the barn. That the bar in question, had been taken by the plaintiff without the defendant's knowledge, and thrust into a hole accidentally existing in the barn near the eaves, and its other end rested on the ground, so that said bar was in a slanting position, crossing one of the thwarts and one of the poles in contact with them; and that the intersection of the bar and thwart

White, Jr., v. Twitchell.

was about two feet from the end of the bar, and that they were tacked together at that place by a simple nail.

The plaintiff introduced further testimony, tending to prove, that bodily injury happened to him, by reason of the said weakening of said staging, and his going upon the same, without knowing of said change in its condition. That said staging was about twelve feet long.

The defendant then offered evidence, tending to prove, that said bar was his property and belonged to a bar-way in an adjoining lot, and that it had been taken from his premises, and used as aforesaid, by the plaintiff, without the defendant's permission.

The evidence of the plaintiff, also tended to prove, that reasonable effort was not made by defendant, if such effort was required by law, to give notice to the plaintiff of the removal of said bar from said staging, or of the unsafe condition of the same, by reason of said removal.

The court instructed the jury, that if they found all the facts, which the plaintiff's evidence tended to prove; still the defendant would be entitled to recover, in the event of their finding that the bar aforesaid was the defendant's property, and that it was taken and used by the plaintiff as aforesaid, without the defendant's permission, and that defendant did no more to the plaintiff's staging, than was necessary to recaption of said bar. · The jury returned a verdict for defendant.

To the above charge of the court, the plaintiff excepted.

*D. Kellogy* and *O. L. Shafter* for plaintiff.

1. On the facts, which the evidence of the plaintiff tended to prove, the bar was his property, at the time it was taken from the staging, on the ground of "accession." Bac. Abr. 580. 2 Kent's Com. 297. *Stevens* v. *Briggs* 5 Pick. 177. *Cross* v. *Marston.* 17 Vt. 540. And it was error in the court to omit so to charge, for it was a point material to the decision of the case, and one upon which there was evidence.

2. In recapturing the bar, the defendant was bound not only to do no unnecessary damage, in the act of retaking, but was farther bound to use all that care and dilligence, which considerate men of ordinary thoughtfulness and humanity, would not fail to use under similar circumstances, to prevent an injury, which the act of

622 SECOND JUDICIAL CIRCUIT.

taking itself portended as the proximate and probable consequence of the act. *Sic utere tuo ut alienum non laedas.*

White had a right to use the staging, though supported in part by the defendant's bar, and therein to be secure in his life and limbs; still the defendant had the right of recapture; but conflict, in the legal exercise of these rights, could be avoided, by subjecting the exercise of both of them to the law of ordinary care throughout. One impounding cattle in a private pound, must feed them—if in special pound overt, must give notice. Blk. Com. 12. *Clark* v *Adams*, 18 Vt. 425. *Davis* v. *Campbell*, 23 Vt. 236. 9 E. C. L, 280.

*J. E. Butler, J. D. Bradley* and *H. E. Stoughton* for defendant.

1. The defendant had the right to recapture the bar.

1 Once his, it remains so until he either voluntarily parts with it, or it should be taken from him by operation of law. 2. If taken from him wrongfully, he was justified in peaceably retaking it. 3 Black. Com. 3. 1 Dane Abr. 132. Story on Bailments 36, and cases cited. 3. And this property of his in the article, whatever it was *remained unchanged* by the plaintiff's wrongful act. If *absolute*, it remained *absolutely* his; and no mere wrong of the plaintiff could make it *conditional.* 4. But the plaintiff's claim supposes what *was* absolutely the defendant's, to become only conditionally his, and that he can only use it, on *condition* that he shall give notice or make certain efforts to do so.

2. The plaintiff's view of this case, applies to the *absolute owner*, the obligations, which the law imposes on *bailees.*

1. What more could he require of us, if the article were *his*, and he had given a general license to use it? 2. A horse was actually owned in this neighborhood, which afterwards killed in his stable, at the South, two negroes. Suppose a trespasser rode him off, *how much* effort does the law exact of the owner, to follow and give notice of the danger? 3. Is this *legal* obligation any stronger on the *owner* than on any *other* person, who becomes aware of the peril of the wrong doer? 4. *Benevolence* and *Christian Charity* would doubtless suggest in different men, different degrees of effort to save the wrong doer; but this is not a court of *benevolence*, it is a court of law.

The opinion of the court was delivered by

BENNETT, J. This is a special action on the case, to recover damages, which the plaintiff sustained by reason of the falling of a staging, which he had erected for his own use, in consequence of the defendant's having removed one of the staging poles, which was unknown to the plaintiff, when he went upon the staging.

Under the charge of the court, the jury must have found, that the staging pole, which the defendant removed, was, when taken by the plaintiff, the property of the defendant, and that it was taken without his permission, and that defendant did no more to the plaintiff's staging, than was necessary to repossess himself of the bar, or staging pole. The only question in the case relates to the defendant's right to recapture the bar, under the state of facts found in the bill of exceptions, and whether he was bound to give notice to the plaintiff of its removal. The plaintiff was a trespasser, in taking the bar or pole, to use in the erection of his staging; and when property is so taken from the owner, the right of recaption exists, unless there is something in the case, to take it away. It cannot with propriety be claimed, that the plaintiff acquired a property in the bar, by the principles relative to the acquisition of rights by *accession*. Though the pole or bar belonging to the defendant, was annexed to, and became a part of, the plaintiff's staging, yet it did not loose its identity; and the general principle is, that so long as the *identity* of the original material can be proved, the right of the original owner is preserved in the property. Besides, even the civil law would not allow a party to acquire a title by accession, founded upon his own act, unless he had taken the materials in ignorance of the true owner, and the materials were not capable of being restored to their original form; and by the English law, he could not claim title by accession, if he took the property of another by a wilful trespass. This was necessary to avoid the giving of encouragement to trespasses. In the present case, there is no pretence, that the plaintiff took the bar by mistake, or under a supposed right of title, and it must be taken to be a wilful trespass on his part. The property in the bar remaining in the defendant, he was justified in the recaption of it, unless rendered unlawful from the time, or the manner in which he exercised the right. As the bar was removed from the staging, in the absence of the plaintiff, it was claimed, that the defendant should have giv-

en him notice of it, or at least should have used reasonable diligence to have done it. But we think no such duty was imposed upon him.

The right of the defendant was *absolute*, and not dependent upon his giving notice, and the maxim, " *sic utere tuo &c.*," will not apply, for the reason, that the plaintiff had no right in the use of the bar, to injure. He was, all the time, he continued in the use of the bar, as a part of his staging, but a *tort feasor*. It was his business to see that the staging was safe before he went upon it, and if he did not, it must be his misfortune, and not that of the defendant. Though the plaintiff may have sustained damage, yet it is *damnum absque injuria*, and the judgment of the County Court is affirmed.